UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID WYCHE, | : | |
| Plaintiff, | : | **Civil Action No. 2:21-cv-11589** |
| | : | **(JXN)(AME)** |
| v. | : | |
| | : | |
| SYNCHRONY BANK | : | **OPINION** |
| Defendant. | : | |

**NEALS**, District Judge:

This matter comes before the Court on the Motion to Dismiss Plaintiff's Complaint [ECF No. 4] filed by Defendant Synchrony Bank ("Synchrony" or "Defendant") to which Plaintiff David Wyche ("Plaintiff") filed opposition [ECF No. 5], to which Defendant replied [ECF No. 7]. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the court embracing the state court where this action was originally filed. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion to Dismiss [ECF No. 4] is **GRANTED**.

**I.      FACTUAL BACKGROUND**

Plaintiff commenced this action by filing a Complaint against Synchrony in the Superior Court of New Jersey, Bergen County, under docket no. SC-000461-21. Compl., ECF No. 1-1 at 3. In the Complaint, Plaintiff alleges that "Synchrony Bank reported incorrect and negative information on my credit report, which is against the Fair Credit Reporting Act Violation pursutant

[sic] to §1681(a)(b)." *Id.* Plaintiff further alleges that he "paid off an account balance and [S]ynchrony [B]ank reports that [he] did not." *Id.*

On May 20, 2021, Defendant timely removed this action to this Court based upon federal question jurisdiction. Notice of Removal, ECF No. 1. Shortly thereafter, Defendant filed its motion to dismiss, contending that neither Sections 1681a nor 1681b create a private cause of action against furnishers of information such as Synchrony. Def.'s Br. at 1, ECF No. 4-1. Defendant further contends that, even if Plaintiff had intended to allege a cause of action under §1681s-2(b), he nevertheless fails to state a claim because he does not allege that Synchrony failed to undertake a reasonable investigation after a credit reporting agency notified Synchrony of a dispute with Plaintiff's account. *Id.* As a result, Defendant argues that Plaintiff's Complaint should be dismissed in its entirety.

The matter is now ripe for the Court to decide.

## II.     LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. That is, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

### III. DISUCSSION

Plaintiff alleges that Defendant violated §1681(a)(b) of the Fair Credit Reporting Act ("FRCA"). As Defendant correctly notes in its brief, "Section 1681 of the FCRA sets forth Congressional findings and statements of purpose. It contains no subsection (a)(b), and it does not create a private right of action." Def.'s Br. at 5.[1] Accordingly, Plaintiff's Complaint does not assert a legally cognizable cause of action and must be dismissed.

In light of Plaintiff's *pro se* status, the Court will also construe Plaintiff's Complaint to assert a claim under Section 1681s–2(b) of the FCRA, which requires creditors to investigate certain consumer disputes. Defendant contends that Plaintiff has not stated a claim under this provision, because Plaintiff did not allege that Defendant received notice of a dispute *from a CRA*

---

[1] Section 1681a sets forth the definitions and rules of construction. Section 1681b sets forth the permissible purpose of consumer reports.

3

and failed to reasonably investigate the claim. Def.'s Br. at 5 (emphasis in original). The Court agrees.

Section 1681s–2(b) requires entities that furnish information to credit reporting agencies to take certain investigative steps if they are notified of a consumer dispute in the manner prescribed by Section 1681i(a)(2). Among other things, after notification in accordance with Section 1681i(a)(2), such entities must "(A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant . . . (C) report the results of the investigation to the consumer reporting agency; [and] (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all consumer reporting agencies." 15 U.S.C. § 1681s–2(b).

To state a viable claim under Section 1681s–2(b) of the FCRA, a plaintiff must allege that he "(1) sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Henderson v. Equable Ascent Financial, LLC*, Case No. 11-3576, 2011 WL 5429631, at *3 (D.N.J. Nov. 4, 2011). "The furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute." *Id.* (citing cases).

Here, Plaintiff's Complaint does not allege facts from which a reader, even construing the complaint liberally, could glean the essential elements of the claim. The Complaint states that "Synchrony Bank reported incorrect and negative information on [Plaintiff's] credit report" and that Plaintiff "paid off an account balance and synchrony bank reports that [he] did not." Compl., ECF No. 1-1 at 3. The Complaint, however, does not allege that the consumer reporting agency notified Defendant of Plaintiff's dispute, nor does it allege that Defendant failed to investigate the

4

dispute. Accordingly, Plaintiff's claim under Section 1681s–2(b) of the FCRA is dismissed without prejudice.[2]

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 4] is **GRANTED**. An appropriate Order accompanies this Opinion.

DATED: November 30, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[2] Although it is not expressly stated in the Complaint, the Court notes that attached to the Complaint appears to be a document from Equifax, which may demonstrate that Plaintiff sent a notice of disputed information to a consumer reporting agency. *See* ECF No. 1-1 at 10.